**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAFAR NEYMATOV, *et al.*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY J. BLINKEN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:24-cv-01016-CDB<br><br>ORDER RE: PLAINTIFF M.N.'S REQUEST TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 1)<br><br>**14-Day Deadline** |

　　　　On August 27, 2024, Plaintiffs Zafar Neymatov, Alia Sanatulova, Aleksandr Komarov, and M.N. ("Plaintiffs") initiated this action to this Court.  (Doc. 1).  The complaint identifies Plaintiff M.N. as the "minor child" of Plaintiffs Zafar Neymatov and Alia Sanatulova.  *Id*. at ¶ 5.  It is well established that minors may proceed in a suit anonymously.  Fed. R. Civ. P. 5.2(a).  However, the complaint indicates that Plaintiff M.N. will reach the age of 21 in 2025.  (Doc. 1 at ¶ 20).  Thus, Plaintiff M.N. is not a "minor child."

　　　　"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  "In this circuit,…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identify 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  "[A] district court must balance the need

for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted).  A party requesting to proceed pseudonymously has the burden of showing that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068-69.

Accordingly, IT IS HEREBY ORDERED that on or before September 13, 2024, Plaintiffs shall either (1) file a motion for Plaintiff M.N. to proceed pseudonymously in this action, or (2) file a first amended complaint identifying Plaintiff M.N. by full name.

IT IS SO ORDERED.

Dated:   **August 30, 2024**                        _____
                                                   UNITED STATES MAGISTRATE JUDGE